IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:21-cr-00030 |
| v. | ) | |
| | ) | AMENDED |
| KYLE G. ASHMORE, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

The Defendant was charged in a Second Superseding Indictment with Count 1: Possession with Intent to Distribute a Controlled Substance, Count 2: Carrying a Firearm in Furtherance of Drug Trafficking, Count 3: Prohibited Person in Possession of a Firearm, and Count 4: Possession of a Firearm with an Obliterated Serial Number. The Defendant exercised his right to have his case decided by jury trial and this case was presented to a jury to render a verdict. A jury returned a guilty verdict as to Counts 3 and 4 of the Second Superseding Indictment on November 23, 2022. A second jury trial was empaneled, and a jury found the Defendant guilty of Counts 1 and 2 of the Second Superseding Indictment on February 14, 2023. A presentence report (PSR) calculated a total offense level of 34 with a criminal history category VI, totaling an advisory guideline range of 262-327 months imprisonment. (PSR ¶ 131.) Count 2 carries an advisory guideline range of 360 months to life with a

1

mandatory minimum sentence of 60 months that must be served consecutive to any sentence imposed in Count 1. (*Id.*)

The Defendant filed objections that impact the advisory guideline calculations as to the Defendant's status as a career offender. (R. Doc. 162.) The Court will need to determine if the Defendant's prior convictions qualify him as a career offender, which impact the calculation of the advisory guideline range.

## I.     Total Offense Level

The base offense level calculation of 24 pursuant to U.S.S.G. §2D1.1(a)(5). (PSR ¶ 29.) The total offense level for a career offender is 34 based on U.S.S.G. §4B1.1(b)(2). The government concurs with the total offense level calculated by the PSR and the Defendant's status as a career offender based on his prior convictions noted in paragraphs 48 and 53. Under U.S.S.G. §4B1.1, a person is a career offender if he was at least 18 years old at the time he committed the instant offense of conviction, the felony is either a "crime of violence" or a "controlled substance offense"; and he has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The government first addresses the robbery conviction. A "crime of violence" must be punishable by a term of imprisonment exceeding one year and (1) has an element the use, attempted use, or threatened use of physical force against the person of another, **or** (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, **robbery,** arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. 841(c). See U.S.S.G. §4B1.2. Robbery is a crime of violence for

purposes of the Sentencing Guidelines. Because application notes are generally controlling, the Eighth Circuit has also consistently treated robbery as an enumerated crime of violence for purposes of the Guidelines. See *Stinson v. United States*, 508 U.S. 36, 45 (1993). To determine whether a crime falls within the "enumerated-offenses clause," this court begins "by identifying the elements of the generic enumerated offense." *United States v. Schneider*, 905 F.3d 1088, 1093 (8th Cir. 2018). "[T]he enumerated-offenses clause and its accompanying commentary do not define most of the generic offenses." *Id.* But, "[t]he Supreme Court has explained that how 'the criminal codes of most States' define an offense provides strong evidence of its generic meaning." *Id.* quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990).

The Eighth Circuit defined "generic robbery" as "aggravated larceny, or the misappropriation of property under circumstances involving immediate danger to a person." *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016). The defendant was convicted of robbery in Nebraska in violation of Nebraska Revised Statute § 28-324. The robbery statute violated by the Defendant is Nebraska Revised Statute § 28-324 and defined as; "A person commits robbery if, with the intent to steal, he forcibly and by violence, or by putting in fear, takes from the person of another any money or personal property of any value whatever." This robbery statute constitutes a crime of violence. See *United States v. Mitchell*, 2021 WL 3666107 (8th Cir. 2021) (citing *United States v. Hicks*, 374 Fed. Appx. 673, 673-74 (8th Cir. 2010.)

The Defendant's second objection is related to his conviction detailed in paragraph 53, Attempt Deliver; Manufacture; or with Intent to Deliver a Controlled

Substance. The guidelines in turn define "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits" the distribution or possession with intent to distribute a controlled substance. U.S.S.G. §4B1.2(b). A prior conviction qualifies as a "felony drug offense" if it was punishable at the time of conviction. *United States v. Santillan*, 944 F.3d 731, 733 (8th Cir. 2019). Additionally, this argument has been addressed and the Eighth Circuit determined that there is no requirement that the particular substance underlying the state offense is also controlled under the Controlled Substance Act. *United States v. Henderson* 11 F. 4th 713, 718 (8th Cir. 2012). The Eighth Circuit agreed with the Fourth Circuit's interpretation that the "ordinary meaning of ... 'controlled substance,' is any type of drug whose manufacture, possession, and use is regulated by law." *Id*. The Defendant's conviction was a crime at the time he was convicted and therefore is a conviction qualifying the Defendant as a career offender in accordance with U.S.S.G. §4B1.1. The defendant has filed these objections to preserve these arguments for appeal.

**II.     Sentencing Factors**

Application of the 18 U.S.C. § 3553(a) factors

The factors the Court must use to determine a reasonable sentence are:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed;
   (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
   (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the sentencing range from the guidelines;

(5) any pertinent policy statements by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)). "A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The Court considers all the relevant factors listed in 18 U.S.C. § 3553(a) and has the authority to vary from the recommended sentence. The Court is not required to do so, however. In any event, the Court needs to decide a "reasonable sentence" using the Guidelines established sentence as a starting point.

    The first factor the court looks at is, the nature and circumstances of the offense and the history and characteristics of the defendant. The Defendant was parked in the parking lot of a local motel in Council Bluffs, Iowa.  A Council Bluffs Police officer stopped to see what was going on in the parking lot. The officer saw marijuana in the door handle and searched the car. The officer found a plethora of drugs in a bag found in the driver's side door. (PSR ¶ 13.) The Defendant possessed

various drugs, LSD, buprenorphine, fentanyl, cocaine, and psilocyn, in distribution quantities. A loaded firearm was found in the center console area of the car and drug paraphernalia was located in the back area of the car. *Id*. Despite the car belonging to the Defendant, the drugs being found in the driver's side door, and firearm near the Defendant, he has failed to take any responsibility for his criminal behavior.

The Defendant's criminal history started as a teenager with a burglary adjudication at ages 15 and 17. (PSR ¶¶ 39, 42.) As a minor, he pled guilty to a discharge of a firearm and assault. (PSR ¶¶ 43, 45.) The Defendant was convicted of burglary again at age 18. (PSR ¶ 45.) He was then found guilty of robbery in 2007, sentenced to probation which was revoked in 2009. (PSR ¶ 48.) Shortly after serving the above sentence, he was convicted of possession of a controlled substance in 2009 and sentenced to prison. (PSR ¶ 50.) The Defendant was convicted of attempted delivery or with intent to deliver a controlled substance in 2019. (PSR ¶ 53.) He was convicted of possession of a controlled substance in 2016 and sentenced to prison. (PSR ¶ 54.) The Defendant also has a pending possession of a controlled substance with intent to distribute in Gage County, Nebraska. (PSR ¶ 65.) The Defendant's criminal history is extensive despite short prison sentences having no deterrent effect on the Defendant's ongoing criminal behavior.

The Defendant struggles growing up included suffering abuse, isolation, and difficult family dynamics. (PSR pp. 21-22.) The Defendant, as an adult, has a close relationship with his mother, stepfathers, siblings, fiancé, friends and children who are supporting people in his life. (PSR pp. 22-24.)

The Court should consider the resources available to the Defendant to

adequately rehabilitate him. The Defendant does have some health conditions that may need further treatment as well as marijuana use. In addition to mental health and drug treatment, a trade may help him to be a productive member of society once released from custody. The Defendant appears to have the ability to work and did work for periods of time.

The government asserts that the Defendant should be sentenced to a term of imprisonment that reflects the seriousness and repetitive nature of his offenses, to protect the community, acknowledges his lack of acceptance for violating the law, and promote future deterrence.

> Respectfully submitted,
>
> Richard D. Westphal
> United States Attorney
>
> By: /s/ *Shelly Sudmann*
> Shelly Sudmann
> Assistant United States Attorney
> 2146 27th Avenue, Suite 400
> Council Bluffs, Iowa 51501
> Tel: 712-256-5009
> Fax: 712-256-5112
> Shelly.Sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

___U.S. Mail ___ Fax ___Hand Delivery

_X_ ECF/Electronic filing ___Other means

UNITED STATES ATTORNEY

By: */s/PAC*
   Paralegal Specialist